UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KKE ARCHITECTS, INC., | ) CASE NO. CV 07-06866 MMM (FMOx) |
| Plaintiff, | ) |
| vs. | ) |
| DIAMOND RIDGE DEVELOPMENT | ) ORDER GRANTING DEFENDANT'S |
| LLC and DOES 1 THROUGH 10, | ) MOTION TO DISMISS |
| Defendants. | ) |

On October 23, 2007, plaintiff KKE Architects, Inc. ("KKE") commenced this action against defendant Diamond Ridge Development LLC ("Diamond Ridge") and certain fictitious defendants, alleging claims for breach of contract, copyright infringement, and false designation of origin under the Lanham Act.  On January 9, 2008, Diamond Ridge filed a motion to dismiss under Rules 12(b)(1) and 12(b)(6) Federal Rules of Civil Procedure.  Alternatively, Diamond Ridge seeks to compel arbitration and stay the litigation pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1 et seq.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff KKE is a nationally recognized architectural firm that creates unique architectural designs for commercial buildings.[1]  In August 2005, KKE entered into a contract with Diamond

---

[1]Complaint for Copyright Infringement; False Designation of Origin Arising Under the Lanham Act; and Breach of Contract ("Complaint"), ¶ 10.

Ridge, pursuant to which it agreed to provide "complete architectural services, including architectural design, design development, construction documents, and construction administration" for the "Diamond Ridge Marketplace" project, a commercial retail center in Glendora, California.[2]

The contract provided that KKE would retain all authorship and ownership rights, including copyrights, of all drawings, specifications, and other project documents.[3]  KKE, however, agreed to give Diamond Ridge a license to reproduce the drawings, specifications, and documents for purposes of the project.[4]  The contract stated that KKE could terminate it if Diamond Ridge failed to pay fees due and owing to KKE,  and that termination of the agreement would terminate the license as well.[5]

The contract contains a clause providing that "[a]ny claim, dispute or other matter in question arising out of or related to this Agreement shall be subject to mediation as a condition precedent to arbitration or the institution of legal or equitable proceedings by either party."[6]  The contract also provides that  "[a]ny claim, dispute or other matter in question arising out of or related to this Agreement shall be subject to arbitration.  Prior to arbitration, the parties shall endeavor to resolve disputes by mediation in accordance with [the mediation provision]."[7]  More specifically, the contract states that

> "[c]laims, disputes or other matters in question between the parties that are not resolved by mediation shall be decided by arbitration which, unless the parties mutually agree otherwise, shall be in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association current in effect.  The demand for arbitration shall be filed in writing with the other party to this Agreement

---

[2]*Id.*, ¶ 11.  KKE has attached the August 2005 contract to its complaint as Exhibit B.

[3]*Id.*, ¶ 12, Exh. B.

[4]*Id.*

[5]*Id.*

[6]*Id.*, Exh. B.

[7]*Id.*

and with the American Arbitration Association."[8] The agreement further provides that "[t]he award rendered by the arbitrator or arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof."[9]

KKE designed a series of five retail center pads, named Pads A through E, for the project.[10] Pad D was the "Retail Center Design."[11]   KKE asserts that the Retail Center Design contains copyrightable original material; on September 10, 2007, it registered the design as an "architectural building design" with the United States Copyright Office.[12]

KKE alleges that, beginning in June 2007, Diamond Ridge failed to pay KKE for the architectural services it rendered.[13]  On July 26, 2007, KKE purportedly learned that Diamond Ridge had submitted an unapproved and modified version of KKE's Retail Center Design to the City of Glendora in an application for a permit.[14]  Although Diamond Ridge allegedly modified the design without KKE's knowledge or direction, the documents it submitted to the city included KKE's copyrighted logo.[15]  On July 30, 2007, KKE sent Diamond Ridge written notice under the contract that if Diamond Ridge did pay outstanding amounts within seven days, it would suspend all work on the contract.[16]  In the same notice, KKE asked why Diamond Ridge had presented a modified

---

[8]*Id.*

[9]*Id.*

[10]*Id.*, ¶ 13.

[11]*Id.*

[12]*Id.*, ¶ 14, Exh. A.

[13]*Id.*, ¶ 15.

[14]*Id.*, ¶ 16.

[15]*Id.*

[16]*Id.*, ¶ 17.

1   Retail Center Design to the City of Glendora without its knowledge or approval.[17]

2   By August 13, 2007, the outstanding invoices had not been paid, and KKE stopped work on

3   the project.[18]   It later learned that Diamond Ridge had submitted a further modified – and

4   unapproved – version of the Retail Center Design to the city in a permit application.[19]  Although this

5   modification omitted KKE's copyrighted logo, KKE alleges that it was substantially similar to, if

6   not an actual copy of, the firm's original Retail Center Design.[20]

7   On October 23, 2007, KKE filed suit against Diamond Ridge, asserting claims for breach of

8   contract, copyright infringement, and false designation of origin under the Lanham Act.  KKE seeks

9   (1) actual damages and any profits Diamond Ridge has made as a result of its violation of the

10  Copyright and Lanham Acts; (2) an injunction preventing further copyright infringement and false

11  designation of origin; and (3) damages in the amount of $149,000 for Diamond Ridge's breach of

12  contract.

13  On January 9, 2008, Diamond Ridge filed a motion to dismiss under Rules 12(b)(1) and

14  12(b)(6).  Alternatively, it seeks to compel arbitration and stay the litigation pursuant to the Federal

15  Arbitration Act, 9 U.S.C. §§ 1 et seq.  Diamond Ridge asserts that KKE has not submitted to

16  mediation or arbitration, which are contractual prerequisites to filing suit.[21]

17

18  ## II.  DISCUSSION

19  ### A.    Legal Standard Governing Rule 12(b)(1) Motions To Dismiss

20  A defendant who seeks dismissal of a complaint for lack of subject matter jurisdiction under

21

22

23  [17]*Id.*

24  [18]*Id.*, ¶ 18.

25  [19]*Id.*, ¶ 19.

26  [20]*Id.*

27  [21]Defendant Diamond Ridge Development, LLC's Memorandum of Points and Authorities in
Support of Motion to Dismiss or Stay or, in the Alternative, for an Order Compelling Arbitration and
28  Staying Litigation ("Def.'s Mem.") at 2.

1    Rule 12(b)(1) can facially challenge the sufficiency of the jurisdictional allegations in the complaint;

2    when this type of attack is mounted, the court must accept as true all well-pleaded facts and draw

3    all reasonable inferences in favor of the plaintiff. *Ass'n of Am. Med. Coll. v. United States*, 217 F.3d

4    770, 778-79 (9th Cir. 2000).  Alternatively, the party challenging subject matter jurisdiction can

5    proffer evidence extrinsic to the complaint. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039

6    (9th Cir. 2004).  Where extrinsic evidence is submitted, the uncontroverted allegations in the

7    complaint must be taken as true, and "conflicts between the facts contained in the parties' affidavits

8    must be resolved in [plaintiff's] favor. . . ." *AT&T Co. v. Compagnie Bruxelles Lambert*, 94 F.3d

9    586, 588 (9th Cir. 1996) (citing *WNS, Inc. v. Farrow*, 884 F.2d 200, 203 (5th Cir. 1989)).  Whatever

10   the nature of the challenge, the party seeking to sue in federal court bears the burden of establishing

11   that the court has subject matter jurisdiction to hear the action. *Ass'n of Am. Med. Coll.*, 217 F.3d

12   at 778-79.

13        Defendant has adduced no extrinsic evidence in support of its motion.  Its challenge is

14   therefore facial, and the court accepts the allegations in the complaint as true.

15        **B.    Legal Standard Governing Motions to Dismiss Under Rule 12(b)(6)**

16        A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint.

17   Under Rule 12(b)(6), a "complaint should not be dismissed unless it appears beyond doubt that

18   plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Van*

19   *Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002) (citing *Rabang v. INS,* 35

20   F.3d 1449, 1451 (9th Cir. 1994)).  See also *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988

21   (9th Cir. 2001); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989).

22        In deciding whether a Rule 12(b)(6) motion meets this standard, the court generally looks

23   only to the face of the complaint and documents attached thereto. *Van Buskirk*, 284 F.3d at 980; *Hal*

24   *Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990).

25   "[W]here a plaintiff attaches documents and relies upon the documents to form the basis for a claim

26   or part of a claim, dismissal is appropriate if the document negates the claim." *Thompson v. Illinois*

27   *Dep't of Professional Regulation*, 300 F.3d 750, 754 (7th Cir. 2002) (applying the "'well-settled rule

28   that when a written instrument contradicts allegations in a complaint to which it is attached, the

exhibit trumps the allegations,'" citing *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 454 (7th Cir. 1998) (emphasis deleted)); *Woods v. Asset Resources*, CV 06-398 SMS, 2006 WL 3782704, *2 (E.D. Cal. Dec. 21, 2006) ("When a written instrument or subject of judicial notice contradicts allegations in a complaint to which it is attached, the Court need not accept the allegations of the complaint as true," citing *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987)); *Saunders v. Knight*, CV 04-5924 REC LJO, 2006 WL 224426, *3 (E.D. Cal. Jan. 25, 2006) (citing *Thompson*).

The court must accept all factual allegations pleaded in the complaint as true, and construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996); *Mier v. Owens*, 57 F.3d 747, 750 (9th Cir. 1995). It need not, however, accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. See *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)" (citations omitted)).

Where a complaint and the attached exhibits demonstrate that all of plaintiff's claims are subject to arbitration, a court may dismiss the complaint under Rule 12(b)(6). *Thinket Ink Information Resources, Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1060 (9th Cir. 2004); *Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 725 (9th Cir. 2000). Indeed, even where a party moves to stay litigation pending arbitration under the Federal Arbitration Act, 9 U.S.C. § 3, the district court has discretion to dismiss the complaint if it finds all of the claims before it are arbitrable. See *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988).

### C.    Whether Plaintiff's Claims are Subject to Arbitration

Section 2 of the Federal Arbitration Act ("FAA") provides that a written agreement to arbitrate in a contract involving interstate commerce "shall be valid, irrevocable, and enforceable,

save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Whether an arbitration provision, as opposed to the underlying contract, is enforceable is a question for the court. *Ticknor v. Choice Hotels Intern., Inc*., 265 F.3d 93, 937 (9th Cir. 2001); *Teledyne, Inc. v. Kone Corp*., 892 F.2d 1404, 1410 (9th Cir. 1989).

Arbitration is a matter of contract, and a party cannot be required to submit any dispute to arbitration which it has not agreed to submit. *AT&T Technologies, Inc. v. Communications Workers,* 475 U.S. 643, 648 (1986)*.* In determining whether an arbitration clause is valid, the court "should apply ordinary state-law principles that govern the formation of contracts." *Circuit City Stores, Inc. v. Adams*, 279 F.3d 889, 892 (9th Cir. 2002) (quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)). Once an arbitration clause is determined to be valid, the FAA establishes that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983); see also *Chiron Corp. v. Ortho Dianostic Systems, Inc*., 207 F.3d 1126, 1131 (9th Cir. 2000).

In enacting the FAA, Congress "declared a national policy favoring arbitration" intended to reverse centuries of judicial hostility to arbitration agreements. *Southland Corp. v. Keating*, 465 U.S. 1, 10 (1984). Accordingly, although courts follow common law rules of contract interpretation in construing arbitration agreements (see *Mastrobuono v. Shearson Lehman Hutton, Inc*., 514 U.S. 52, 62 (1995)), "questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration" (*Moses H. Cone Memorial Hospital*, 460 U.S. at 24), and the courts must "rigorously enforce agreements to arbitrate" (*Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 221 (1985)).

KKE does not dispute that its claims are subject to arbitration.[22] The contractual agreement between the parties explicitly states that

> "[a]ny claim, dispute or other matter in question arising out of or related to this Agreement shall be subject to arbitration . . . in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association. . . . The award

---

[22]Pl.'s Opp. at 2; Def.'s Mem. at 3-4.

1  rendered by the arbitrator or arbitrators shall be final, and judgment may be entered

2  upon it in accordance with applicable law in any court having jurisdiction thereof."[23]

3       KKE's breach of contract, copyright infringement, and false designation of origin claims

4  concern the architectural designs created pursuant to the contract.  They clearly "arise out of or relate

5  to" the contract, and are subject to arbitration under the American Arbitration Association's rules.

6       **D.   Whether the Court Should Dismiss or Stay the Action**

7       KKE argues that the court should stay the action rather than dismiss it so that it can add Doe

8  defendants as they are discovered.[24]  Section 3 of the Federal Arbitration Act provides that, "upon

9  being satisfied that the issue involved in [a] suit . . . is referable to arbitration . . . , [a court] shall on

10  application of one of the parties stay the trial of the action until such arbitration has been had . . . ,

11  providing the applicant for the stay is not in default in proceeding with such arbitration."  9 U.S.C.

12  § 3.

13       The Ninth Circuit has held that § 3 does not impose a mandatory duty to stay on district

14  courts.  Thus, even where a party seeks a stay under § 3, the court has discretion to dismiss under

15  Rule 12(b)(6) if it finds that all of the claims before it are arbitrable.  See *Sparling*, 864 F.2d at 638;

16  see also *Thinket Ink Information Resources*, 368 F.3d at 1060 (affirming dismissal under Rule

17  12(b)(6) of claims that were subject to arbitration); *Chappel*, 232 F.3d at 725 (where "judicial review

18  . . . is barred by the [contract's] valid and enforceable arbitration clause[,] [t]he district court

19  properly dismissed his complaint under Federal Rules of Civil Procedure 12(b)(6) for failure to state

20  a claim"); *Simula, Inc. v. Autoliv, Inc.* 175 F.3d 716, 726 (9th Cir. 1999) (affirming dismissal under

21  Rule 12(b)(6) of claims that were subject to an arbitration clause);  *Martin Marietta Aluminim, Co.*

22  *v. General Electric Co.*, 586 F.2d 143, 148 (9th Cir. 1978) (holding that a judge has discretion to

23  grant summary judgment where all of plaintiff's claims are barred by an arbitration clause); cf.

24  *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) (noting that although 9

25  U.S.C. § 3 provides for a stay pending completion of arbitration, "[t]his rule . . . was not intended

26  ———————————

27       [23]Complaint, Exh. B, § 7.2.1-7.2.5.

28       [24]Pl.'s Opp. at 2-4.

to limit dismissal of a case in the proper circumstances.  The weight of authority clearly supports dismissal of the case when *all* of the issues raised in the district court must be submitted to arbitration. . . .  [The court does] not believe the proper course of action is to stay the action pending arbitration.  Given [the court's] ruling that all issues raised in this action are arbitrable and must be submitted to arbitration, retaining jurisdiction and staying the action will serve no purpose").

In construing the scope of an arbitration clause, the court "must ascertain and implement the reasonable expectations of the parties. . . ." *Spear, Leads & Kellogg v. Central Life Assurance Co.*, 85 F.3d 21, 28 (2d Cir. 1996).  "Despite the presumption of arbitrability, the strong federal policy favoring arbitration may not extend the reach of arbitration beyond the intended scope of the clause providing for it." *Id*.  "[C]ontracting parties control their own fate when it comes to deciding which disputes to consign to arbitration.  On the one hand, they may delineate precisely those claims that are subject to arbitration or, on the other, they may employ general – even vague – language in their arbitration provisions." *Sweet Dreams Unlimited, Inc. v. Dial-A-Mattress Internat'l, Ltd.*, 1 F.3d 639, 643 (7th Cir. 1993).

Here, the arbitration clause to which the parties agreed is broad.  It applies to "any claim, dispute, or other matter in question arising out of or related to" the contract.  Courts have held that use of similar phrases connotes an expansive arbitration provision.  See, e.g., *Quackenbush v. Allstate Ins. Co.*, 121 F.3d 1372, 1380 (9th Cir.1997) (holding that a clause, which stated that "if any dispute shall arise between [Mission] and [Allstate] with reference to the interpretation of this Agreement or their rights with respect to any transaction involved . . . such dispute shall be submitted to [arbitration]," was "broad in scope, calling for arbitration of all contractual disputes" (alteration original)); *First Union Real Estate Equity and Mortg. Investments v. Crown American Corp.*, 23 F.3d 406, 1994 WL 151338, *3 (6th Cir. Apr. 26, 1994) (Unpub. Disp.) ("An arbitration clause requiring arbitration of any dispute arising out of an agreement is "extremely broad,'" citing *Cincinnati Gas & Elec. Co. v. Benjamin F. Shaw Co.*, 706 F.2d 155, 160 (6th Cir. 1983)); *United Offshore Co. v. Southern Deepwater Pipeline Co.*, 899 F.2d 405, 410 (5th Cir. 1990) ("The contract called for the arbitration of 'any dispute . . . with respect to the interpretation or performance' of the contract. . . .  We reasoned that when parties choose such broad language, only the 'absence of any

1  express provision excluding a particular grievance from arbitration' or 'the most forceful evidence

2  of a purpose to exclude the claim from arbitration' would render the dispute non-arbitrable,"

3  explaining *Mar-Len of La., Inc. v. Parsons-Gilbane*, 773 F.2d 633, 634, 636 (5th Cir. 1985)); *Robert*

4  *Lawrence Company v. Devonshire Fabrics, Inc.*, 271 F.2d 402, 404, 411-12 (2d Cir. 1959)

5  (interpreting an arbitration clause, which provided that "[a]ny complaint, controversy or question

6  which may arise with respect to this contract that cannot be settled by the parties thereto" was

7  subject to arbitration, and noting that "[i]t would be hard to imagine an arbitration clause having

8  greater scope than the one before us").

9      KKE alleges claims for copyright infringement, false designation of origin under the Lanham

10  Act, and breach of contract. These claims turn on the scope of the license the agreement granted

11  Diamond Ridge to reproduce drawings, specifications, and other documents for purposes of the

12  project. They are therefore "claim[s] . . . arising out of or related to [the] Agreement." Indeed, KKE

13  does not contend that any of its claims falls outside the arbitration clause.

14      Considering the broad scope of the parties' arbitration agreement and the federal policy

15  favoring arbitration, the court concludes that KKE's claims are subject to mandatory binding

16  arbitration. Consequently, they fail to state a claim upon which relief can be granted. To date, KKE

17  has not sought to amend its complaint to name Doe defendants. It contends that under the AAA

18  rules governing arbitration, it will not be permitted to obtain discovery from Diamond Ridge that

19  will permit it to identify Doe defendants.[25]  While that may be true, given that the complaint fails

20  to state a claim against the one named defendant – Diamond Ridge – KKE is not entitled to

21  discovery in any event, and the court sees no utility in retaining jurisdiction while the parties

22  arbitrate their dispute. The court therefore exercises its discretion to dismiss the complaint without

23  prejudice under Rule 12(b)(6).

24

25              **III. CONCLUSION**

26      For the reasons stated, defendant's motion to dismiss plaintiff's complaint is granted. The

27

28      [25]Pl.'s Opp. at 3.

                                10

1   action is dismissed without prejudice to plaintiff's right to reassert its claims in arbitration.

2

3   DATED: March 3, 2008

4                                                    MARGARET M. MORROW
                                              UNITED STATES DISTRICT JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11